# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALI HAKIM, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0608 AS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent | ) | |

## *MEMORANDUM, OPINION AND ORDER*

On or about September 23, 2005, *pro se* petitioner, Ali Hakim, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on July 3, 2006 which this Court has carefully examined.  The Attorney General has placed before this Court a series of documents designated A through H, both inclusive, which explicate in great detail the proceedings involved, in addition to the sworn declarations in the record.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF in this district.  He had been the subject of a prisoner disciplinary proceeding in March 2005 designated as IYC 05-03-0121.  The sanction issued by the CAB on or about March 31, 2005

included a 90-day earned credit time deprivation which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The sanction also included a three-month disciplinary segregation which does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S. 472 (1995). Three was the necessary administrative Appeals and review of which apparently obviate arguments under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

The only claims made here by this petitioner appear to be that the CAB chairman was not impartial and that he, the petitioner, was denied evidence. Mr. Hakim alleges that Lt. Puckett, the chairman of the CAB hearing, investigated and screened witnesses. However, the record does not support Mr. Hakim's mere allegation. In fact, Lt. Puckett submitted an affidavit stating that he had nothing to do with the incident and had no knowledge of the incident until the hearing was held. The record must be examined under the standards involved in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). Further, Lt. Puckett states in his affidavit that Mr. Hakim's sanctions were not imposted until after he was found guilty. It does not appear from the record that the standards enunciated in *Redding* have been here violated.

Mr. Hakim alleges he was denied access to the witness statements. However, the record indicates that Mr. Hakim waived his right to call any witnesses. Sgt. Rigsby submitted an affidavit stating that Mr. Hakim did not request any witnesses or physical evidence. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445

2

(1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

There was abundant evidence here and there is no violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States implicated in any denial of evidence. *See Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).

For all of these reasons, the petition 28 U.S.C. §2254 is carefully considered and **DENIED.  IT IS SO ORDERED**.

**DATED:** September 6, 2006

      **S/ ALLEN SHARP**
      **ALLEN SHARP, JUDGE**
      **UNITED STATES DISTRICT COURT**

3